UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA
CASE NO.:

SANDY HARRIGAN,

    Plaintiff,

v.

DIAZ, ANSELMO, & ASSOCIATES, P.A.
f/k/a SHD LEGAL GROUP, P.A.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, SANDY HARRIGAN ("HARRIGAN" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, DIAZ, ANSELMO, & ASSOCIATES, P.A. f/k/a SHD LEGAL GROUP, P.A. (hereinafter, "SHD" or "Defendant") and says:

## JURISDICTION AND VENUE

1.    This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. §§ 2000e, *et seq.*, Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. §12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes.

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times,

conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Human Resource Manager.

6. Plaintiff is a female and is a member of a class protected under the PDA and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex and/or pregnancy.

7. Defendant SHD is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about March 30, 2020, which was no more than 300 days after the last discriminatory event occurred, to wit: November 14, 2019.

11. Plaintiff was issued a Notice of Right to Sue on July 20, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The EEOC did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge, and therefore terminated its processing of said charge.

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant as a Human Resources Manager from February 2019, until her termination on or about November 14, 2019.

14. Plaintiff learned of her pregnancy in March 2019 and promptly informed her direct supervisor Kathleen Guerrette-Mitchell ("Guerrette-Mitchell") and the CEO, Roy Diaz ("Diaz").

15. Due to the pregnancy, Plaintiff suffered some complications that required time off for doctor's appointments.

16. Plaintiff scheduled her doctor's appointments as early as possible so that it would not disrupt her job duties.

17. Guerrette-Mitchell approved all of Plaintiff's time off for doctor's appointments.

18. On July 24, 2019, Plaintiff's doctor advised her to work from home as much as possible due to her pregnancy complications.

19. Plaintiff then requested an accommodation to work from home and provided her doctor's note to support her request.

20. Defendant denied Plaintiff's request for the reasonable accommodation claiming that it never allowed employees to work from home.

21. Based upon her own knowledge, Plaintiff was aware that certain employees such as attorneys, the IT manager, and the Director of Operation were routinely allowed to work from home.

22. Working from the office everyday as opposed to from home caused Plaintiff to go into premature labor approximately one month before her due date.

23. Plaintiff gave birth on October 18, 2019, and was set to return from maternity leave on November 19, 2019, at Defendant's request.

24. Defendant told Plaintiff to return on November 19, 2019, because there was no other employee that could cover for her while she was out on leave.

25. On November 14, 2019, Defendant terminated Plaintiff for alleged misconduct.

26. Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff. However, even if Defendant could proffer a reason for terminating Plaintiff, her sex/pregnancy was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

27. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON PREGNANCY)

29. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

30. Plaintiff brings this action under the PDA, 42 U.S.C. §2000e(k) for damages caused by Defendant's unlawful employment practices against Plaintiff due to her sex/pregnancy.

31. Plaintiff is a member of a protected class at the time the discriminatory actions took place, to wit: a pregnant female.

32. Plaintiff was terminated by Defendant while out on maternity leave. The reason proffered for Plaintiff's termination was for alleged misconduct, but other similarly-situated employees were not terminated.

33. Defendant's proffered reason for Plaintiff's termination is pretextual. Defendant never raised any conduct or performance issues with Plaintiff prior to her termination.

34. The action taken by Defendant by and through its managers, and/or agents, were done because of Plaintiff's pregnancy.

35. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's pregnancy was, at minimum, a motivating factor[1] in Defendant's decision for her termination.

36. Plaintiff's termination constituted an adverse employment action under the Title VII of the Civil Rights Act of 1964.

37. Defendant's manager/CEO acted with intentional disregard for Plaintiff's rights as a pregnant woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its manager/CEO, and/or other employees.

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

39. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII, amended by the PDA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its manager/CEO. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff SANDY HARRIGAN requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE FCRA
## (DISCRIMINATION BASED ON PREGNANCY)

40. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

41. Plaintiff brings this action under the FCRA. § 760.01 *et seq.*, for damages caused by Defendant's unlawful employment practices against Plaintiff due to her sex/pregnancy.

42. Plaintiff was a member of a protected class under the FCRA at the time the discriminatory actions took place, to wit: a pregnant female.

43. Plaintiff was terminated by Defendant while out on maternity leave. The reason proffered for Plaintiff's termination was for alleged misconduct, but other similarly-situated employees were not terminated.

44. Defendant's proffered reason for Plaintiff's termination is pretextual. Defendant never raised any conduct or performance issues with Plaintiff prior to her termination.

45. The action taken by Defendant by and through its managers, and/or agents, were done because of Plaintiff's pregnancy.

46. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's pregnancy was, at minimum, a motivating factor[2] in Defendant's decision for her termination.

47. Plaintiff's termination constituted an adverse employment action under the FCRA.

48. Defendant's manager/CEO acted with intentional disregard for Plaintiff's rights as a pregnant woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its manager/CEO, and/or other employees.

49. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

50. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its manager/CEO. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

WHEREFORE, Plaintiff SANDY HARRIGAN requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III: VIOLATION OF THE ADA/ADAAA
### (DISCRIMINATION BASED ON PREGNANCY RELATED DISABILITY)

51. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

52. Plaintiff is person with a disability as that term is defined under the ADAAA in that she was diagnosed with complications as a result of pregnancy, which substantially limits her ability to perform at least one major life function, to wit: concentrating, sitting/standing for long periods of time, frequent bathroom breaks, etc.

53. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a Human Resources Manager, with or without the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily.

54. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

55. Plaintiff would be able to perform the essential functions with the accommodation of working from home, which would not have caused an undue burden to Defendant. Moreover,

Plaintiff was able and willing to return to work early from maternity leave on November 19, 2021.

56. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability and further requires employers to reasonably accommodate the actual disabilities.

57. Defendant discriminated against Plaintiff for her disability by terminating Plaintiff while she was on maternity leave and by failing to grant her request for an accommodation.

58. Had Plaintiff not been disabled, she would not have suffered this adverse employment action.

59. Defendant's alleged basis for terminating Plaintiff—alleged misconduct—is pretextual. Defendant never raised any conduct or performance issues with Plaintiff prior to her termination.

60. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, Plaintiff's disability was, at minimum, a motivating factor[3] in Defendant's decision to terminate her employment.

61. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for her back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

62. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff SANDY HARRIGAN requests judgment against Defendant as follows:

---

[3] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

## COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

63. Plaintiff re-alleges and re-avers paragraphs 1–28 as fully set forth herein.

64. Plaintiff is a person with a disability as that term is defined under the ADAAA in that she suffered from complications due to her pregnancy, which substantially limits her ability to perform at least one major life function, to wit: concentrate, sitting/standing for long periods of time, frequent bathroom breaks, etc.

65. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a Human Resources Manager with or without the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily.

66. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

67. Plaintiff requested a reasonable accommodation on or about July 24, 2019. The accommodation requested was to allow Plaintiff to work from home.

68. Plaintiff's request for an accommodation was reasonable and would not have caused Defendant undue hardship.

69. The requested accommodation would have enabled Plaintiff to perform the essential functions of her position without causing her to go into premature labor.

70. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

71. Defendant refused to participate in the interactive process and informed Plaintiff that no one was allowed to work from home.

72. Defendant's reason(s) for failing to address Plaintiff's request for accommodations, if any, are pretextual.

73. Defendant informed Plaintiff that no one was permitted to work from home however, certain employees were allowed to work from home.

74. Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such a disability were, at a minimum, motivating factors[4] for Defendant's failure to accommodate.

75. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff went into premature labor and suffered financial and economic loss in the form of lost wages and lost benefits. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff SANDY HARRIGAN requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

---

[4] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

## COUNT V: VIOLATION OF THE FCRA
## (DISCRIMINATION BASED ON PREGNANCY RELATED HANDICAP/DISABILITY)

76. Plaintiff re-alleges and re-avers paragraphs 1-28 as fully set forth herein.

77. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

78. The FCRA accordingly prohibits employers from taking adverse employment actions against an employee as a result of her actual handicap/disability.

79. The FCRA is interpreted the same as the ADAAA and ADA. Plaintiff is person with a disability as that term is defined under the ADAAA in that she was diagnosed with complications due to her pregnancy, which substantially limits her ability to perform at least one major life function, to wit: concentrating, sitting/standing for long periods of time, frequent bathroom breaks, etc.

80. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a Human Resources Manager, with or without the proposed reasonable accommodation in that she was hired for the position and performed her job duties satisfactorily.

81. Plaintiff is therefore a "qualified individual" as that term is defined in the ADAAA, § 101(8) (42 U.S.C. § 12111(8)).

82. Plaintiff would be able to perform the essential functions with the accommodation of working from home, which would have not caused an undue burden to Defendant. Moreover, Plaintiff was able and willing to return to work early from maternity leave on November 19, 2021.

83. Defendant discriminated against Plaintiff for her handicap/disability by terminating Plaintiff while she was on maternity leave and by failing to grant her request for a reasonable accommodation.

84. Had Plaintiff not been handicapped/disabled, she would not have suffered this adverse employment action.

85. Defendant's alleged basis for terminating Plaintiff—alleged misconduct—is pretextual. Defendant never raised any conduct or performance issues with Plaintiff prior to her termination.

86. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff's disability and/or record of having such a handicap/disability/disabilities were, at minimum, motivating factors [5] in Defendant's decision to terminate her employment.

87. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for her back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

88. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff SANDY HARRIGAN requests judgment against Defendant as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

---

[5] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

e) any other award this Court deems necessary.

## COUNT VI – VIOLATION UNDER THE FCRA
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA
## (FAILURE TO ACCOMMODATE)

89. Plaintiff re-alleges and re-avers paragraphs 1–28 as fully set forth herein.

90. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

91. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

92. The FCRA is interpreted the same as the ADAAA and ADA. Plaintiff is person with a disability as that term is defined under the ADAAA in that she was diagnosed with complications due to her pregnancy, which substantially limits her ability to perform at least one major life function, to wit: concentrating, sitting/standing for long periods of time, frequent bathroom breaks, etc.

93. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a Human Resources Manager with or without the proposed reasonable accommodation in that she was hired for the position and performed her job duties satisfactorily.

94. Plaintiff is therefore a "qualified individual" as that term is defined in the ADAAA, § 101(8) (42 U.S.C. § 12111(8)).

95. Plaintiff requested a reasonable accommodation on or about July 24, 2019. The accommodation requested was to allow Plaintiff to work from home.

96. Plaintiff's request for an accommodation was reasonable and would not have imposed an undue burden on Defendant.

97. The requested accommodation would have enabled Plaintiff to perform the essential functions of her position without causing Plaintiff to go into premature labor.

98. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

99. Defendant refused to participate in the interactive process and informed Plaintiff that no one was allowed to work from home.

100. Defendant's reason(s) for failing to address Plaintiff's request for accommodations, if any, are pretextual.

101. Defendant informed Plaintiff that no one was permitted to work from home however, certain employees were allowed to work from home.

102. Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such a handicap/disability/disabilities were, at minimum, motivating factors[6] for Defendant's failure to accommodate.

103. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff went into premature labor and suffered financial and economic loss in the form of lost wages and lost benefits. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff SANDY HARRIGAN requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

---

[6] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

      c)      punitive damages;

      d)      attorney's fees and costs; and

      e)      any other award this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff SANDY HARRIGAN hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 11, 2021

                  LAW OFFICES OF CHARLES EISS, P.L.
                  Attorneys for Plaintiff
                  7951 SW 6th Street, Suite 112
                  Plantation, Florida 33324
                  (954) 914-7890 (Office)
                  (855) 423-5298 (Facsimile)

By:    /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        SHANNA WALL, Esq.
        Fla. Bar #0051672
        shanna@icelawfirm.com