UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:21-cv-62115-AHS

SANDY HARRIGAN,

    Plaintiff,

vs.

DIAZ, ANSELMO, & ASSOCIATES, P.A.,
f/k/a SHD LEGAL GROUP, P.A., a Florida
corporation,

    Defendant.

_____/

**DEFENDANT, DIAZ, ANSELMO, & ASSOCIATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, DIAZ, ANSELMO, & ASSOCIATES, P.A., ("Diaz" or "Defendant"), by and through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court for the entry of an order dismissing the Complaint [DE 1] filed by Plaintiff, SANDY HARRIGAN ("Plaintiff"), and states as follows:

**I.**      **Introduction**

1. Plaintiff, a former Diaz employee, has sued Diaz claiming pregnancy discrimination under Title VII of the Civil Rights Act as amended by the Pregnancy Discrimination Act and the Florida Civil Rights Act ("FCRA") (Counts I and II), pregnancy-related disability discrimination under the Americans with Disabilities Act ("ADA") and the FCRA (Counts III and V), and failure to accommodate under the ADA and the FCRA (Counts IV and VI). [DE 1], generally.

2. The Complaint fails to state valid claims upon which relief can be granted. In all six counts, Plaintiff improperly alleges a single motive claim and an intent to later argue a mixed motive claim. In addition, all of the discrimination claims are defective as they fail to allege facts establishing intentional discrimination and the existence of any comparators outside Plaintiff's protected traits.

## II. Argument

### A. No Mixed Motive Claim of Discrimination Alleged

In all six counts, Plaintiff alleges a single motive discriminatory action (i.e., because of a protected trait). DE 1, ¶¶ 34, 45, 57-58, 72, 84, 100. But Plaintiff cautions that she may subsequently attempt to argue a mixed-motive claim: "[e]ven if Defendant had a legitimate, non-discriminatory reason, Plaintiff's [protected trait] was, at a minimum, a motivating factor in Defendant's decision for her termination." DE 1, ¶¶ 35, 46, 60, 74, 86, 102; see also Footnotes 1 through 6: "Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims." That "reservation" is legally improper.

The Eleventh Circuit has previously denounced the precise tactic (transforming a case from a single-motive to a mixed-motive claim) that Plaintiff indicates she may attempt to employ:

> Here, the district court properly concluded that Ms. Smith's claims of racial discrimination pertaining to her termination proceeded under a single-motive theory, and thus correctly applied the *McDonnell Douglas* framework. "Where ... a[n] employee] puts forth only circumstantial evidence in support of [her] discrimination claims," the *McDonnell Douglas* framework generally applies. *Benjamin v. SNF Holding Co.*, 602 Fed. Appx. 758, 762 (11th Cir. 2015). And while circumstantial evidence may also be relevant under a mixed-

> motive theory, a plaintiff **cannot** make only a "passing reference to a mixed-motive theory" to sufficiently raise the issue. *Keaton v. Cobb Cty.*, No. 08-11220, 2009 WL 212097, at *10 (11th Cir. Jan. 30, 2009). The district court's analysis was thus proper for two reasons. First, Ms. Smith did not plead or prove a mixed-motive case. She does not suggest that unlawful bias, in addition to other factors, motivated the adverse actions. Rather, she presents a pretext case and claims that unlawful bias was the true reason for her termination. See *Quigg*, 814 F.3d at 1235 (differentiating between mixed-motive and single-motive cases). Second, we agree with the Board that a single-motive case is not transformed into a mixed-motive case merely because the employer raises a legitimate, non-discriminatory reason for its actions. Were the rule as Ms. Smith construed it, every case would be a mixed-motive case, and the *McDonnell Douglas* framework would be irrelevant. Aplee. Br. at 26. Accordingly, we find that the district court correctly analyzed Ms. Smith's case under the single-motive, *McDonnell Douglas* framework.

*Smith v. Vestavia Hills Bd. of Educ.*, 2019 WL 5700747, at *3 (11th Cir. Nov. 5, 2019).

And just three weeks ago, the Eleventh Circuit again confirmed that a plaintiff must clearly allege that both legitimate reasons and unlawful reasons prompted the termination if the plaintiff intends to allege a mixed motive claim:

> Stevenson argues that she raised a mixed-motive claim in her complaint, where she alleged that her race and sex were "motivating factor[s]" in the City's decisionmaking. Doc. 31 at 7, 10. **Given that she never alleged a legitimate reason for the City's actions, however, and considering that she alleged she was discriminated against for two unlawful reasons (race and sex), it is not at all apparent that these passing references intended to refer to a mixed-motive claim rather than to acknowledge the multiple claims she was raising**. We agree with the district court that, under the circumstances of this case, these references in Stevenson's complaint were insufficient to raise a mixed-motive claim.
>
> Stevenson argues that the district court nonetheless should have applied a mixed-motive framework. She contends that

>because the City "asserted that it had legitimate reasons for treating [her] differently, and it has purported to offer evidence of the legitimate reasons," Appellant's Br. at 18–19, the district court was required to evaluate her claims under the mixed-motive standard. **If true, this would turn every Title VII discrimination claim into a mixed-motive case because the employer must always offer a legitimate reason for the actions it takes. A single-motive case is not transformed into a mixed-motive case merely because an employer satisfies its burden of proof. We reject Stevenson's argument to the contrary**.

*Stevenson v. City of Sunrise*, No. 20-12530, 2021 WL 4806722, at *7 (11th Cir. Oct. 15, 2021).

Here, Plaintiff does not allege that there were **any** legitimate reasons for her termination. Rather, like the *Stevenson* plaintiff, she claims she was discriminated against for various unlawful reasons. Plaintiff's mixed-motive claims in all six counts should be dismissed.

## B. No pregnancy or pregnancy related disability discrimination claims (Counts I, II, III, and V)

The discrimination claims are defective for additional reasons. To establish a *prima facie* claim of discrimination under Title VII and the FCRA,[1] Plaintiff must demonstrate that (1) she is a member of a protected class, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) she was treated less favorably than a similarly situated individual outside of her protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

---

[1] "Claims under the FCRA are analyzed under the same framework as claims brought under Title VII." *Rollins v. Cone Distrib., Inc.,* 710 F. App'x 814, 821 n. 2 (11th Cir. 2017), citing *Jones v. United Space All., L.L.C.,* 494 F.3d 1306, 1310 (11th Cir. 2007). Plaintiff's Title VII and FCRA claims will therefore be jointly analyzed.

(1973). Similarly, to establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must demonstrate that she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of her disability. *Shepard v. United Parcel Serv., Inc.*, 470 F. App'x 726, 728 (11th Cir. 2012).

Significantly, disparate treatment claims require evidence of **intentional** discrimination. *Armstrong v. Flowers Hosp., Inc.,* 33 F.3d 1308, 1313 (11th Cir. 1994). ("A plaintiff alleging a claim of disparate treatment must establish that the employer intended to discriminate **against the protected group**. If direct evidence of discriminatory intent is not available, a plaintiff may present circumstantial evidence from which an inference of intentional discrimination may be drawn.") (emphasis added); *Silvera v. Orange Cty. Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir. 2001) ("[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent."). Here, the Complaint is devoid of allegations establishing that anyone at Diaz harbored a discriminatory animus against Plaintiff premised on her pregnancy or a pregnancy-related disability. [DE 1], generally.

Moreover, an individual pursuing a disparate treatment discrimination claim must identify a similarly situated comparator, outside of the employee's protected class, who was treated more favorably than the employee. *Payne v. Goodyear Tire & Rubber Co.*, 760 F. Appx 803, 810 (11th Cir. 2019); see also *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1219 (11th Cir. 2019) (further holding that a "meaningful comparator analysis must be conducted at the *prima facie* stage of *McDonnell Douglas's* burden-shifting framework" and that the plaintiff must show that she and her comparators are "similarly situated in all

material respects"); *Hopkins v. Saint Lucie County Sch. Bd.*, 399 Fed. Appx. 563, 566 (11th Cir. 2010) (affirming order granting motion to dismiss under Title VII where plaintiff "provide[d] no facts that would allow a court to infer that the school district treated those outside the class of African-American males more favorably").

*Sub judice,* the Complaint affirmatively alleges that "[t]he reason for Plaintiff's termination was for alleged misconduct, but other similarly-situated employees were not terminated." DE 1, ¶¶ 32, 43. But that conclusory allegation is not supported by any facts whatsoever. The Complaint does not identify a single purported comparator by name or otherwise provide any factual detail regarding how Plaintiff and any alleged valid comparator engaged in the same purported conduct but were treated differently. DE 1, generally.

In the end, the Complaint fails to identify a similarly situated employee outside of Plaintiff's protected class (i.e., a non-pregnant and non-disabled Diaz employee) who was treated more favorably than Plaintiff. DE 1, generally. The Complaint is likewise devoid of factual allegations sufficient to establish that any specific individual at Diaz (let alone a decisionmaker) harbored any discriminatory animus against Plaintiff. Id. Indeed, the Complaint is devoid of allegations establishing who at Diaz actually terminated Plaintiff. Id. In the absence of such allegations, there can be no discriminatory animus ascribed onto Diaz. Counts I, II, III, and V should be dismissed.

WHEREFORE, Defendant, DIAZ, ANSELMO, & ASSOCIATES, P.A., respectfully requests entry of an order dismissing the Complaint filed by Plaintiff, SANDY HARRIGAN, together with such further relief deemed just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of November 2021, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:   */s/Christopher J. Stearns*
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Stearns@jambg.com /
berens@jambg.com

## **SERVICE LIST**

**CHARLES MERRILL EISS, ESQ.**
**SHANNA MARIE WALL, ESQ.**
EISS MASSILLON, P.L.
**Attorney for Plaintiff**
7951 SW 6th Street, Suite 112
Plantation, FL 33324
954-914-7890 (Phone)
855-423-5298 (Fax)
chuck@icelawfirm.com
shanna@icelawfirm.com

**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorney for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)
stearns@jambg.com