UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-62115-CIV-SINGHAL

SANDY HARRIGAN,

    Plaintiff,

v.

DIAZ, ANSELMO, & ASSOCIATES, P.A.
f/k/a SHD LEGAL GROUP, P.A.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Diaz, Anselmo, & Associates, P.A.'s Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law ("Motion to Dismiss"). Plaintiff filed a response in opposition (DE [13]) and Defendant filed a subsequent reply (DE [16]). Accordingly, the matter is ripe for review.

**I.  BACKGROUND**

On August 11, 2021, Plaintiff Sandy Harrigan ("Plaintiff"), a former Diaz, Anselmo, & Associates, P.A. employee, sued Defendant Diaz, Anselmo, & Associates, P.A. ("Defendant"), claiming pregnancy discrimination under Title VII of the Civil Rights Act as amended by the Pregnancy Discrimination Act and the Florida Civil Rights Act ("FCRA") (Counts I and II), pregnancy-related disability discrimination under the Americans with Disabilities Act ("ADA") and the FCRA (Counts III and V), and failure to accommodate under the ADA and the FCRA (Counts IV and VI). Plaintiff exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal

Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR. (Compl. (DE [1]) at ¶ 9). Plaintiff was issued a Notice of Right to Sue on July 20, 2021. *Id.* at ¶ 11. This suit is filed in accordance with that Notice and within the applicable ninety-day time limitation. *Id.* The EEOC, however, did not issue a finding on Plaintiff's charge within 180 days, and therefore terminated its processing of said charge. *Id.* at ¶ 12.

In the Complaint (DE [1]), Plaintiff alleges she worked for Defendant as a Human Resources Manager from February 2019, until her termination on or about November 14, 2019. (Compl. (DE [1]) at ¶ 13). Plaintiff learned of her pregnancy in March 2019 and promptly informed her direct supervisor Kathleen Guerrette-Mitchell ("Guerrette-Mitchell") and the CEO, Roy Diaz ("Roy Diaz"). *Id.* at ¶ 14. During her pregnancy, Plaintiff suffered some complications which required time-off for doctor's appointments, which were approved by Defendant. *Id.* at ¶¶ 15–17.

On July 24, 2019, Plaintiff's doctor advised her to work from home as much as possible due to her pregnancy complications. (Compl. (DE [1]) at ¶ 18). As a result, Plaintiff requested an accommodation to work from home and provided her doctor's note to support her request. *Id.* at ¶ 19. Defendant denied Plaintiff's request for the reasonable accommodation claiming that it never allowed employees to work from home. *Id.* at ¶ 20. Plaintiff, however, claims certain employees were routinely permitted to work from home. *Id.* at ¶ 21 (listing attorneys, the IT manager, and the Director of Operation as examples of employees permitted to work remotely).

Plaintiff alleges being required to work from the office, as opposed to being permitted to work remotely, caused her to go into premature labor approximately one month before her due date. (Compl. (DE [1]) at ¶ 22). Plaintiff gave birth on October 18, 2019. *Id.* at ¶ 23. Plaintiff claims she was directed to return from maternity leave on November 19, 2019, "because there was no other employee that could cover for her while she was out on leave." *Id.* at ¶¶ 23–24. On November 14, 2019, Defendant terminated Plaintiff for alleged misconduct. *Id.* at ¶ 25. Plaintiff claims Defendant did not have a legitimate, non-discriminatory reason for terminating her. (Compl. (DE [1]) at ¶ 26). And further claims, her sex and pregnancy, was a motivating factor in the decision to terminate her employment. *Id.*

## II.     LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions[;] . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d

949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  However, pleadings that "are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

## III.  DISCUSSION

In the instant motion (DE [7]), Defendant moves to dismiss the Complaint (DE [1]) for failure to state valid claims upon which relief can be granted.  Defendant argues Plaintiff improperly alleges a single motive claim and an intent to later argue a mixed motive claim in all six counts.[1]  Additionally, Defendant argues all of the discrimination claims are defective as they fail to allege facts establishing intentional discrimination and the existence of any comparators outside Plaintiff's protected traits.

In opposition, Plaintiff argues Defendant's argument is more appropriate for a motion for summary judgment.[2]  Plaintiff claims she has properly pled the elements of her claims and is entitled to proffer evidence in support of her case.  Plaintiff insists Defendant's motion should be denied at this stage because she is not required to prove she will ultimately prevail in the action.  In the alternative, Plaintiff requests this Court

---

[1] *See* (Compl. (DE [1]) at nn.1–6) ("Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.").

[2] Discrimination claims brought under Title VII "are typically categorized as either mixed-motive or single-motive claims."  *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016).  While these are "different theories of discrimination, as opposed to distinct causes of action[,]" the distinction is important because the two theories require different standards of analysis.  *Id.* at 1235 n.4.

grant leave to amend to cure any defects should this Court grant Defendant's motion to dismiss.

Defendant moves for dismissal of all six counts because Plaintiff intends to improperly pursue a mixed-motive theory at the summary judgment stage. *See* (Resp. (DE [13]) at 6). Defendant's argument regarding Plaintiff's broad reference to a mixed-motive theory is not well-taken. *See* (Compl. (DE [1]) at nn.1–6) ("Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims."). The cases cited by Defendant in support of this argument are not persuasive because those cases were decided on a motion for summary judgment, not a motion to dismiss. Nonetheless, this matter is dismissed without prejudice for failure to state a claim.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "It is likewise unlawful under [Florida] law . . . [And the Court] looks to applicable Eleventh Circuit case law in applying both statutes." *Williams v. Las Olas Co.*, 2020 WL 1288574, at *2 (S.D. Fla. Mar. 18, 2020) (citing the FCRA); *see also Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII."). Title VII and the FCRA prohibit intentional discrimination, or so-called "disparate treatment." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

"Normally, . . . the essential elements of a claim remain constant through the life of a lawsuit. What a plaintiff must do to satisfy those elements may increase as a case

progresses from complaint to trial, but the legal elements themselves do not change. So, to determine what the plaintiff must plausibly allege at the outset of a lawsuit, we usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). "In order to establish a case under Title VII, a plaintiff may use three different kinds of evidence of discriminatory intent: direct evidence, circumstantial evidence or statistical evidence." *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998). "To prevail on a claim for discrimination under Title VII based on circumstantial evidence, [a plaintiff] must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing the elements for making a prima facie case as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Likewise, "[t]o establish a circumstantial *prima facie* case of discrimination under the ADA, the plaintiff must demonstrate that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability." *Shepard v. UPS*, 470 Fed. Appx. 726, 728 (11th Cir. 2012) (citation omitted); *see also* 42 U.S.C. § 12112(a) (stating that "no [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual"). "[I]f the plaintiff succeeds in proving the *prima facie* case," a rebuttable presumption arises that the employer unlawfully discriminated against her, and the burden shifts to the employer to present evidence that its action was taken for a legitimate, nondiscriminatory reason. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253

(1981) (quoting *McDonnell Douglas*, 411 U.S. at 802); *see also Lewis,* 918 F. 3d at 1220–21.

Here, Plaintiff alleges she is a member of a protected class. Plaintiff alleges she was qualified for the position as Human Resources Manager. Plaintiff was terminated from her position, which is an adverse event.[3] Thus, Plaintiff meets the first three prongs. Plaintiff, however, fails to identify any similarly situated comparators. Instead, in response to Defendant's motion to dismiss, Plaintiff generally alleges "Defendant treated her differently than other employees who were not pregnant," which is "sufficient to satisfy the fourth prong." (Resp. (DE [13]) at 4). This is incorrect.

"Under [the *McDonnell Douglas*] framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by proving, among other things, that she was treated differently from another 'similarly situated' individual—in court-speak, a 'comparator.'" *Lewis*, 918 F.3d at 1217. "The plaintiff must identify a specific comparator for th[is] element—not conclusory statements that she was treated differently than members outside of her protected class." *Liu v. Univ. of Miami*, 138 F. Supp. 3d 1360, 1372 (S.D. Fla. 2015). Thus, the case law is quite unambiguous: the plaintiff must identify a specific comparator. *Id.* The comparator need not be "nearly identical," but must be "similarly situated in all material aspects." *Lewis*, 918 F.3d at 1226. Here Plaintiff does not make such an identification. Instead, she merely alleges, "[b]ased upon her own knowledge, Plaintiff was aware that certain employees such as attorneys, the IT manager, and the Director of Operations were routinely allowed to work

---

[3] As Defendant correctly point out, Plaintiff does not identify who fired her nor does she identify a decision-maker who harbored discriminatory animus towards a pregnant woman.

7

from home." (Compl. (DE [1]) at ¶ 21).  Accordingly, Counts I, II, III, and V are dismissed without prejudice for failure to state a claim.

Furthermore, while Plaintiff does plead she requested a reasonable accommodation, she fails to indicate how and to whom such request was made. Additionally, Plaintiff alleges she specifically requested she be permitted to work from home.  *See also* (Compl. (DE [1]) at ¶¶ 73, 101) (alleging "certain employees were allowed to work from home.").  A plaintiff, however, is not entitled to the accommodation of his or her choice but is entitled only to a reasonable accommodation.  S*ee Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997).  Pleadings that "are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Diaz, Anselmo, & Associates, P.A.'s Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (DE [7]) is **GRANTED**.  Plaintiff may file a motion for leave to amend her complaint by **September 16, 2022**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of August 2022.

*[signature]*
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF