UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:21-cv-62115-AHS

SANDY HARRIGAN,

    Plaintiff,

v.

DIAZ, ANSELMO, & ASSOCIATES, P.A.
f/k/a SHD LEGAL GROUP, P.A.,
a Florida Corporation,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S TRIAL BRIEF ON ADA/FCRA REASONABLE ACCOMMODATION**

Plaintiff, Sandy Harrigan, through her undersigned counsel, files this response to Defendant's Trial Brief on ADA/FCRA Reasonable Accommodation and states:

In its brief, Defendant alleged that Plaintiff's reduced schedule and her email stating that she would not want to reduce the schedule more served as a reasonable accommodation. While it was true that Plaintiff was working on a reduced schedule, Defendant failed to address the fact that Plaintiff testified, both in her deposition and during trial, that she worked more than what the schedule suggested. In fact, Plaintiff testified that she worked until 5 p.m. most days.

Importantly, Plaintiff testified that she only agreed to go on a "reduced schedule" because Defendant denied her request to work from home until she gave birth. Moreover, although KGM attempted to testify at trial to the contrary, she nonetheless acknowledged her prior deposition testimony where she admitted discussing Plaintiff's request to work remotely with Roy Diaz, who subsequently denied the requested work from home accommodation.

The accommodation that Defendant claimed was reasonable was, in fact, not reasonable. The reduced schedule did not allow Plaintiff lateral rest time as per her doctor's note, and she clearly was not allowed to leave work at the time the schedule suggested. As to the latter point, there is no credible testimony to the contrary because the law firm was using its access system only to record time of arrival, and not time of departure.

Defendant, therefore, is not entitled to judgment as a matter of law because a reasonable jury could find that there was no reasonable accommodation based upon the evidence presented at trial.

Dated: October 22, 2024.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
550 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
      CHARLES M. EISS, Esq.
      Fla. Bar #612073
      chuck@icelawfirm.com
      NHU CAO, Esq.
      Fla. Bar #1050344
      nhu@icelawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of October 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                                       s/ Charles Eiss
                                                                                                       CHARLES EISS, ESQ.

## SERVICE LIST
**United States District Court**
**Southern District of Florida**
*Harrigan v. Diaz, Anselmo, & Associates, P.A.*
Case No.: 0:21-cv-62115-AHS

Charles M. Eiss, Esq.
Florida Bar No. 612073
Email: chuck@icelawfirm.com
Nhu Cao, Esq.
Florida Bar No. 1050344
Email: nhu@icelawfirm.com
**LAW OFFICES OF CHARLES EISS, P.L.**
550 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
Tel: (954) 914-7890
Fax: (855) 423-5298

Attorneys for Plaintiff

Christopher J. Stearns, Esq.
Florida Bar No.: 557870
Email: Stearns@jambg.com
         Berens@jambg.com
         young@jambg.com
**JOHNSON, ANSELMO, MURDOCH, BURKE,**
**PIPER & HOCHMAN, P.A.**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444

Attorneys for Defendant

Method of Service: CM/ECF